**Elmo Bernard FOSTER, Jr.,**
**Appellant (Defendant),**

v.

**Katherine Ann FOSTER,**
**Appellee (Plaintiff).**

No. 88–183.

Supreme Court of Wyoming.

Feb. 8, 1989.

Rehearing Denied March 2, 1989.

---

Robert T. Moxley and Sue Davidson of Whitehead, Gage & Davidson, P.C., Cheyenne, for appellant.

John G. Hanes and Rhonda Sigrist Woodard of Hanes, Burke & Woodard, P.C., Cheyenne, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY, and GOLDEN, JJ.

MACY, Justice.

This is an appeal from an order of the district court modifying a divorce decree by increasing the monthly child support obligation of appellant Elmo Bernard Foster, Jr. and also from the denial of appellant's post-trial motions. Although appellant raises several issues, the dispositive question in this case is whether the review afforded by the district court upon the findings and recommendations of the court commissioner satisfied constitutional and statutory requirements.

We reverse.

Appellant and appellee Katherine Ann Foster were divorced in 1976, and appellee was granted custody of the parties' adopted son, who then was three years old. Pursuant to the divorce decree, appellant was required to pay $100 per month for child support. On December 23, 1986, appellee filed a motion for modification of the decree, seeking primarily an increase in appellant's monthly support obligation and asserting a significant increase in child care expenses as a substantial change in circumstances.

In accordance with what has apparently become a common practice in the district court of Laramie County, this case was referred to a court commissioner to hold an evidentiary hearing and make findings.[1] A hearing before the court commissioner was held on June 16, 1987. The court commissioner found there was a substantial change in circumstances warranting a modification of the divorce decree to increase appellant's support obligation to $300 per month. The court commissioner directed counsel for appellee to prepare a proposed order to that effect for his approval and submission to the district court.

---

1. Counsel for both parties, in their briefs, indicate this practice grew out of the federal requirement that, in order to receive federal assistance in enforcing child support obligations of absentee parents, the states are required to have an expedited process for obtaining and enforcing support orders. *See* 42 U.S.C. §§ 651–666 (1982 & Supp. IV 1986), and particularly § 666(a)(2). Apparently, court commissioners are used in Laramie County to quickly resolve support proceedings which could not otherwise be rapidly handled due to docket congestion. The various attachments to the briefs of both parties, although not made part of the record, would seem to support appellant's assertion that the use of court commissioners has expanded in Laramie County to encompass virtually all domestic relations matters other than contested divorces.

On January 15, 1988, the court commissioner signed a document entitled "FINDINGS AND REPORT OF COURT COMMISSIONER" which indicated that the court commissioner had conducted the hearing and that his findings were set forth in the proposed form of order submitted to the district court. The order modifying the decree was signed by the district judge and filed on February 17, 1988. The order noted the following changes in circumstances justifying the increase in child support:

 a. The minor child's learning disabilities;

 b. The minor child's need for counseling;

 c. The minor child's increased age and the increased needs associated therewith;

 d. The minor child's weight problems.

On March 1, 1988, appellant filed a "MOTION FOR NEW TRIAL OR IN THE ALTERNATIVE FOR REVIEW OF FINDINGS OR MODIFICATION OF PROCEEDING," alleging that the increase in support was excessive, that the modification procedure was in error, and that the proper procedure required the district court to make its independent legal determinations upon the court commissioner's findings of fact. On June 14, 1988, the district court entered an order indicating appellant's motion for a new trial was deemed denied pursuant to W.R.C.P. 59(a) and denying the motion for review and an oral motion for relief from judgment pursuant to W.R.C.P. 60(b)(4). This appeal was then perfected.

Provision for court commissioners is found in the Wyoming Constitution. Wyo. Const. art. 5, § 14 provides in material part:

> The legislature shall provide by law for the appointment by the several district courts of one or more district court commissioners [who] shall have authority to perform such chamber business in the absence of the district judge from the county or upon his written statement filed with the papers, that it is improper for him to act, as may be prescribed by law, to take depositions and *perform such other duties,* and receive such compensation *as shall be prescribed by law.*

(Emphasis added.) Correspondingly, the legislature has also provided for and addressed the role of court commissioners. *See* Wyo.Stat. §§ 5-3-301 to -312 (1977). The powers of court commissioners are enumerated in § 5-3-307, which provides:

> (a) Each district court commissioner shall have the powers in respect to every suit or proceeding pending in the district court of the county for which he was appointed, as follows:
>
> (i) To make any order which a judge of the district court is authorized by law to make in chambers, if no judge qualified to hear or act in the proceeding or action is present in the county for which such commissioner was appointed, and to hear and determine cases of mental illness or mental incompetency;
>
> (ii) To make any order which a judge of the district court is authorized by law to make in chambers, upon the written statement of such judge, filed with the papers, that he is disqualified in such case;
>
> (iii) To administer oaths;
>
> (iv) To hear, try and determine all issues whenever an application shall have been made for a change of judge;
>
> (v) *To take evidence and make findings, and report the same to the district court;*
>
> (vi) To take depositions;
>
> (vii) To punish persons for contempts committed during hearings had before him;
>
> (viii) To issue and enforce process for the attendance of witnesses and production of evidence in all lawful hearings before him, in the same manner and with like force as the court might do if in session.

(Emphasis added.) Section 5-3-310 states:

> The district court shall at each term review all orders made by, and proceedings had before commissioners of such court during vacation, and approve, disapprove, reverse or modify every such order or proceeding.

Thus, under the Wyoming Constitution, court commissioners may perform "such other duties * * * as shall be prescribed by law." The legislature has determined that those duties include taking evidence, making findings, and reporting the same to the district court, which in turn is required to review all proceedings had before court commissioners.

■ Appellant contends that the procedures employed in the instant case did not comport with the above constitutional and statutory requirements. We agree.

The hearing before the court commissioner was not transcribed, except for the court commissioner's summary of his findings stated at the conclusion of the hearing. This portion of the hearing was transcribed upon the request of appellant's counsel. No transcript of the evidentiary portion of the hearing was requested or prepared. Review of these transcribed findings reveals that they do not include any recitation of the evidence presented, but rather they are simply composed of a series of conclusions for which no evidentiary basis is mentioned. With respect to the need for an increase in child support, the court commissioner stated, in language adopted almost verbatim in the final modification order, that:

I do find that there has been a change of circumstances sufficient to warrant a modification of this decree, those changes of circumstances including but not limited to the learning disabilities, the need for counseling and the additional expenses of the child based upon the increased age and the increased needs of an older child in school, and also some apparent health problems relating to the child's weight.

2. It is reasonably clear from the record that, absent the request by counsel for appellant, the step of transcribing the court commissioner's statement of findings would not have been taken, nor deemed necessary.

3. The judge made a minor change in one paragraph of the order. The order noted that the settlement agreement between the parties purportedly precluded appellee from bringing an action for increased child support. The order referred to this provision as "unconscionable,"

The court commissioner's findings, as transcribed from the hearing, also contain the conclusions that appellant has the ability to pay and that the child has monthly expenses of approximately $623. In addition, the court commissioner noted that, pursuant to the guidelines established in a government study, appellant's contribution should be approximately $250. At the conclusion of the hearing, the court commissioner requested appellee's counsel to prepare an order. Concerned that the order might not accurately reflect the findings of the court commissioner, appellant's counsel requested the transcription of the findings described above and had them entered into the record.[2] The order of modification, as prepared by appellee's counsel, was submitted to the court commissioner for approval and forwarded to the district court for signature.[3] There is no evidence that the district court conducted any review other than reading the order and signing it.

Appellant suggests that this procedure constituted an unconstitutional delegation of judicial authority and that the district court in effect created a "de facto" domestic relations court, an action solely within the province of the legislature.[4] While we are not prepared to go that far in characterization of this procedure, we do perceive that the Wyoming Constitution and applicable statutes contemplate that the district court shall conduct an independent review of the court commissioner's actions beyond that afforded in this case. The court commissioner may take evidence, make findings, and submit a recommendation to the district court. The district court, however, must review the evidence and findings and make its decision upon the basis of that review. Appellee contends, however, that the district court became the actual deci-

which term the judge changed to "unenforceable."

4. Wyo. Const. art. 5, § 1 provides:
The judicial power of the state shall be vested in the senate, sitting as a court of impeachment, in a supreme court, district courts, and such subordinate courts as the legislature may, by general law, establish and ordain from time to time.

sion maker when it signed the order containing the court commissioner's findings. While that may be essentially true, the cursory review accomplished by simply reading and signing the order is not sufficient, and to sanction such a procedure would elevate form over substance.

Section 5–3–307(a)(v) provides that, when the court commissioner takes evidence and makes findings, he is to report the same to the district court. We read that section as requiring the court commissioner to prepare a report of some substance which at least summarizes the evidence presented and indicates the basis upon which he has made his findings of fact. A brief summary of conclusory findings without an indication of their evidentiary foundation does not satisfy the statute and does not provide an adequate basis upon which the district court can conduct a meaningful review. We would expect that, in most instances, the district court would require a transcript of the evidentiary hearing. In addition, in order to insure an informed decision, the record should clearly indicate that the district court has independently reviewed the evidence and findings and reached its decision accordingly. This requirement is consistent with the language in § 5–3–310 that the district court shall review all "proceedings" had before court commissioners.

Under the procedure utilized in the instant case, the district court accorded unwarranted deference to the court commissioner's determination and expanded the role of the court commissioner beyond that provided for or contemplated by statute and constitution. Thus, the decision cannot stand.

In summary, we hold that, pursuant to Wyo. Const. art. 5, § 14 and Wyo.Stat. § 5–3–307 (1977), an assignment to a court commissioner to take evidence and make findings in a child support modification proceeding is not improper, but the district court must be apprised of the evidence received and relied upon by the court commissioner in making his findings, and the district court must independently review the evidence and findings in making its decision, with such review being indicated on the record.

Reversed and remanded for further proceedings consistent with this opinion.

URBIGKIT, J., files a specially concurring opinion.

URBIGKIT, Justice, specially concurring.

I concur with the majority's opinion and decision. Without constitutional amendment, however, I would not extend the authorization status of Wyo. Const. art. 5, § 14 to indirectly create another category of Wyoming judicial officers. General court commissioner responsibilities as a hearing examiner cannot be outspread, absent expansion of constitutional authorization, to include power of decisional finality within present constitutional terms. The differentiation is between adjunct fact finding and plenary judicial responsibility. Similar concerns were comprehensively considered for the federal judiciary in *Northern Pipe Line Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Its precedents in function delineation is persuasive in my analysis of the limiting character of our present state constitutional provisions. Furthermore, I would not find this resolution to be inconsistent with this court's earlier precedent in *Huhn v. Quinn*, 21 Wyo. 51, 128 P. 514 (1912).