Phyllis Virginia (Doby) GAINES,
Appellant (Plaintiff),

v.

Herbert Kenneth DOBY,
Appellee (Defendant).

No. 88–283.

Supreme Court of Wyoming.

May 2, 1989.

Robert B. Carroll, Cheyenne, for appellant.

Herbert K. Doby, pro se.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

Appellant Phyllis (Doby) Gaines appeals from an order of the district court which modified a divorce decree with respect to child visitation and certain aspects of child support and in which neither party was found in contempt. The modification and contempt proceedings were held before a court commissioner who took evidence, made findings, and submitted a recommended order to the district court.

We reverse.

Appellant describes the issues as follows:

I. DID THE TRIAL COURT ERR AS A MATTER OF LAW, OR ABUSE ITS DISCRETION, IN ASSIGNING POST DECREE CROSS–MOTIONS TO MODIFY THE DIVORCE DECREE AND CROSS–MOTIONS TO HOLD THE PARTIES IN CONTEMPT TO THE COURT COMMISSIONER FOR A TRIAL ON THE ISSUES?

II. DID THE TRIAL COURT ERR AS A MATTER OF LAW, OR ABUSE ITS DISCRETION, BY APPROVING THE COURT COMMISSIONER'S INJUNCTION ENJOINING THE APPELLANT FROM ALLOWING THE MINOR CHILD OR ANY OTHER PERSON TO CALL ANY PERSON, EXCEPT HER NATURAL FATHER, "DADDY", "FATHER", "PAPA", "DAD", "POP", OR ANY OTHER TERM THAT INDICATES THE PARENTAL RELATIONSHIP BETWEEN FATHER AND CHILD?

III. DID THE TRIAL COURT ERR AS A MATTER OF LAW, OR ABUSE ITS DISCRETION, BY APPROVING THE COURT COMMISSIONER'S ORDER REDEFINING VISITATION, ALLOWING APPELLEE TO VOLUNTARILY REDUCE HIS CHILD SUPPORT OBLIGATION AND REFUSING TO ENFORCE THE MEDICAL PAYMENT TERMS OF THE AGREEMENT ENTERED INTO BY THE PARTIES?

In her reply brief, appellant articulates as a narrower issue:

WAS THE DISTRICT COURT PRESENTED ADEQUATE FINDINGS OF FACT TO INDEPENDENTLY REVIEW THE PROCEEDINGS BEFORE THE COURT COMMISSIONER AND MAKE AN INDEPENDENT DECISION IN MODIFYING THE DIVORCE DECREE?

As in our recent decision in the case of *Foster v. Foster,* 768 P.2d 1038 (Wyo.1989), the dispositive issue here, as more precisely identified and argued by appellant in her reply brief, is whether the district court's review of the court commissioner's findings and recommendations complied with constitutional and statutory requirements.

Appellant (the wife) and appellee Herbert Doby (the husband) were divorced on January 20, 1987. The divorce decree incorporated the terms of an agreement entered into by the parties regarding property settlement and the custody and support of the minor child of the parties. On June 22, 1988, the husband filed a combined motion to find the wife in contempt and to modify the decree. In this motion the husband alleged that the wife had not allowed him liberal visitation as provided for in the decree and requested that the decree be modified to specify visitation rights and to more clearly specify a sum certain in monthly child support.

On July 6, 1988, the wife filed a response and a cross-motion to find the husband in contempt and to modify the decree. The wife alleged, as the basis for her contempt motion, that the husband had failed to disclose his true income during the negotiations leading to the settlement agreement. The wife sought increased child support in accordance with her reading of the decree, which was drafted to allow a fluctuating support obligation determined as a percentage of the husband's income, and she also requested that the medical and dental insurance coverage provision of the settle-

ment agreement be enforced in accordance with her interpretation of that provision.

The matter was referred to the court commissioner who conducted a hearing on August 9, 1988. The court commissioner heard testimony from both parties and from their respective new spouses. At the conclusion of the testimony, the court commissioner orally announced his findings and directed counsel for the husband to prepare an order, encompassing such findings and recommendations, to be submitted to the district court for approval. The wife filed objections to the proposed order, apparently before the order was approved by the court commissioner. Thereafter the court commissioner entered into the record a document designated "FINDINGS AND REPORT OF COURT COMMISSIONER," which indicated that his findings were set forth in the proposed form of order submitted to the district court. The order was approved by the district court as submitted except that, in response to the objections, the district court changed a provision requiring the costs of visitation to be shared equally by the parties. The district court, in a handwritten insertion, altered this provision to provide that the wife would pay only $100 per year toward such costs.

The order encompassing the court commissioner's findings and recommendations, as approved by the district court, significantly expanded the husband's visitation rights and established a very specific visitation schedule. The order additionally provided that neither party was found in contempt; that there was no change in circumstances warranting a change in monthly child support; that the wife's remarriage was a change in circumstances such that the husband should not be required to pay any of the wife's medical insurance or expenses; that as long as the wife's employment provided health insurance she was required to carry such insurance for the benefit of the child—the cost of such insurance to otherwise be divided equally between the parties; and that the wife was not to allow or encourage the child to call

anyone but the husband "daddy." The order was amended on September 22, 1988, to incorporate the previously inserted change regarding costs of visitation and to include Memorial Day as one of the holidays on which the husband was entitled to visitation in alternating years. This appeal was taken from the amended order.

Subsequent to these proceedings, this Court decided *Foster*, 768 P.2d 1038, which also arose in Laramie County district court and which addressed a similar challenge to a divorce decree modification proceeding referred to a court commissioner. The analysis in *Foster* is equally applicable to the instant case, and it will be repeated here only in abbreviated form. In *Foster* we considered the constitutional [1] and statutory [2] provisions for court commissioners and synthesized the applicable provisions in this manner:

> Thus, under the Wyoming Constitution, court commissioners may perform "such other duties * * * as shall be prescribed by law." The legislature has determined that those duties include taking evidence, making findings, and reporting the same to the district court, which in turn is required to review all proceedings had before court commissioners.

*Id.* at 1041.

In *Foster*, the court commissioner found a substantial change in circumstances warranting an increase in child support. That portion of the hearing in which the court commissioner summarized his findings was transcribed and submitted to the district court along with a prepared order. We noted, however, that these findings made no mention of the evidentiary basis relied upon but rather simply consisted of a series of conclusions without evidentiary support. *Id.* at 1041. We further observed that there was no indication that the district court conducted any review beyond reading and signing the order. *Id.* at 1041. In reversing the district court in *Foster*, we said:

---

**1.** *See* Wyo. Const. art. 5, § 14.

**2.** *See* Wyo. Stat. §§ 5–3–301 to –312 (1977) and particularly §§ 5–3–307 and 5–3–310.

[W]e hold that, pursuant to Wyo. Const. art. 5, § 14 and Wyo. Stat. § 5–3–307 (1977), an assignment to a court commissioner to take evidence and make findings in a child support modification proceeding is not improper, but the district court must be apprised of the evidence received and relied upon by the court commissioner in making his findings, and the district court must independently review the evidence and findings in making its decision, with such review being indicated on the record.

*Id.* at 1042.

■ The procedure utilized in the instant case suffers from the same infirmities as those in *Foster*. Here, no part of the proceedings before the court commissioner was transcribed for review by the district court.[3] As in *Foster*, the order and amended order modifying the divorce decree contain only the conclusions of the court commissioner. By virtue of the wife's filed objections to the modification order the district court undoubtedly gained some insight into the factual contentions of the parties, but these filed objections did not provide an adequate evidentiary basis upon which the district court could review the findings of the court commissioner. In *Foster*, we stated:

> Section 5–3–307(a)(v) provides that, when the court commissioner takes evidence and makes findings, he is to report the same to the district court. We read that section as requiring the court commissioner to prepare a report of some substance which at least summarizes the evidence presented and indicates the basis upon which he has made his findings of fact. * * * In addition, in order to insure an informed decision, the record should clearly indicate that the district court has independently reviewed the evidence and findings and reached its decision accordingly.

3. A complete transcript of the hearing was prepared and submitted as part of the record on appeal.

4. The wife's reply brief was filed after our decision in *Foster*. Attached to this brief is a copy of the procedures for hearings before court

*Id.* at 1042. *See also K.C. v. State*, 771 P.2d 774 (1989). As we did in *Foster*, we conclude in the instant case that the district court afforded unwarranted deference to the determinations by the court commissioner and expanded the role of the court commissioner beyond that envisioned by constitution and statute. As a result we must reverse.[4]

Our decision herein is not on the merits of the case, and it may be that, upon further review, the district court will reach a similar result. In the interest of judicial economy, however, we will briefly address two of the specific contentions raised by the wife which undoubtedly will be considered upon remand.

■ The wife asserts that the district court erred by approving the court commissioner's "injunction" prohibiting the wife from encouraging or allowing the child to refer to anyone except the husband as "daddy" or any other such term. We are not persuaded by the wife's argument that the court commissioner issued the "injunction." The order was signed by the district court and not by the court commissioner but, as discussed, the district court did not adequately review the proceedings had before the court commissioner which established the foundation for the order.

■ Of greater consequence is the wife's contention that such an order is unenforceable, potentially abusive, and overly broad. We agree. Wyo. Stat. § 20–2–113(a) (1977) provides in part that, upon the petition of either of the parents, the district court "may revise the decree concerning the care, custody, visitation and maintenance of the children as the circumstances of the parents and the benefit of the children require[ ]." The paramount consideration in such situation is the best interests of the children. *Ayling v. Ayling*, 661 P.2d 1054, 1056 (Wyo.1983); *Bereman v. Bereman*, 645 P.2d 1155, 1160

commissioners as revised by the Laramie County district court in response to our decision in *Foster*. It would appear that the problems occurring in *Foster* and in the instant case have been remedied and should not reoccur.

**446**

(Wyo.1982). Decisions in matters of care, custody, and control of the children are within the sound discretion of the district court. *Manners v. Manners*, 706 P.2d 671, 674 (Wyo.1985); *Bereman*, 645 P.2d at 1160.

To the extent that the district court's order is in the nature of an injunction, it is, in addition to being ill-advised, clearly unenforceable. In *Devine v. Devine*, 20 N.J. Super. 522, 90 A.2d 126 (1952), the plaintiff wife sought an injunction against her mother-in-law to enjoin any acts (slanderous statements, et cetera) by the mother-in-law designed to alienate the affections of the husband. The court denied relief, refusing to censor communications between mother and son by means of an injunction. The court stated, in language appropriate to the instant case:

> Just how the court could enforce such an order, were an injunction granted, is not clear and the enforcement of such an injunction would appear to present insurmountable difficulties. Communications between a mother and son would ordinarily be private and confidential and not open to inspection or examination.
>
> Equity has always regarded the problem of enforcing its judgment or decree as an important factor in determining whether injunctive relief is appropriate.

*Id.* 90 A.2d at 129. *See also* 42 Am.Jur.2d, *Injunctions* § 37 (1969).

Further, the "daddy" provision does contain the seeds of potential abuse. We question just how the mother would or should regulate the manner in which the child addresses the male father figure residing in the home. The order as written raises the specter of a contempt citation issuing against the custodial parent for failing to punish the child for expressing what may be a natural manifestation of the child's feelings.

■ On the other hand, we are sensitive to the natural father's concern that the mother and stepfather may be deliberately or inadvertently confusing the child as to the identity of the natural father or attempting to alienate the child's affections for him. This is a difficult area of family relationships which is not particularly well suited to court regulation or supervision. We believe, however, that it would be within the district court's discretion to direct the wife to respect and assist in the maintenance of a proper relationship between the child and the natural father. *See Henson v. Henson*, 384 P.2d 721 (Wyo.1963). The failure to honor such an admonition could conceivably provide the basis for a further modification of the decree.

■ Finally, we note the wife's argument that, even if the court commissioner had authority to take evidence in the modification proceeding, he was not empowered to hear the cross-motions for contempt. To this contention we would point out that the district court has continuing jurisdiction to modify or *enforce* provisions of a divorce decree regarding support, custody, and visitation. Section 20–2–113(a); *Graham v. Fenno*, 734 P.2d 983, 985 (Wyo.1987). Contempt proceedings to enforce the provisions of the decree are part of this continuing jurisdiction. *Id.* at 985; *Erb v. Erb*, 573 P.2d 849 (Wyo.1978). We see no reason why the court commissioner cannot take evidence, make findings, and report the same to the district court in a contempt proceeding to the same extent as it may in a modification proceeding.

Reversed and remanded for further proceedings consistent with this opinion.