ANSTEAD, Judge,
concurring specially.
I would reverse the order outright, because I find myself in agreement with the views of Justice Macy of the Wyoming Supreme Court who observed when faced with a similar situation:
To the extent that the district court’s order is in the nature of an injunction, it is, in addition to being ill-advised, clearly *871 unenforceable. In Devine v. Devine, 20 N.J.Super. 522, 90 A.2d 126 (1952), the plaintiff wife sought an injunction against her mother-in-law to enjoin any acts (slanderous statements, et cetera) by the mother-in-law designed to alienate the affections of the husband. The court denied relief, refusing to censor communications between mother and son by means of an injunction. The court stated, in language appropriate to the instant case:
Just how the court could enforce such an order, were an injunction granted, is not clear and the enforcement of such an injunction would appear to present insurmountable difficulties. Communications between a mother and son would ordinarily be private and confidential and not open to inspection or examination.
Equity has always regarded the problem of enforcing its judgment or decree as an important factor in determining whether injunctive relief is appropriate.
Id. 90 A.2d at 129. See also 42 Am.Jur. 2d, Injunctions § 37 (1969).
Further, the “daddy” provision does contain the seeds of potential abuse. We question just how the mother would or should regulate the manner in which the child addresses the male father figure residing in the home. The order as written raises the specter of a contempt citation issuing against the custodial parent for failing to punish the child for expressing what may be a natural manifestation of the child’s feelings.
On the other hand, we are sensitive to the natural father’s concern that the mother and stepfather may be deliberately or inadvertently confusing the child as to the identity of the natural father or attempting to alienate the child’s affections for him. This is a difficult area of family relationships which is not particularly well suited to court regulation or supervision. We believe, however, that it would be within the district court’s discretion to direct the wife to respect and assist in the maintenance of a proper relationship between the child and the natural father. See Henson v. Henson, 384 P.2d 721 (Wyo.1963). The failure to honor such an admonition could conceivably provide the basis for a further modification of the decree.
Gaines v. Doby, 773 P.2d 442, 446 (Wyo.1989).
This issue should be laid to rest and not remain the subject of legal churning with its attendant costs in attorney’s fees, court costs, legal and judicial time, and immeasurable emotional costs to the child and the parties.