Ray SANDSTROM, Appellant
(Petitioner),

v.

Jodi SANDSTROM, Appellee
(Respondent).

Ray SANDSTROM, Appellant
(Defendant),

v.

Jodi SANDSTROM, Appellee (Plaintiff).

Nos. 93–253, 93–254.

Supreme Court of Wyoming.

Aug. 25, 1994.

Rehearing Denied Sept. 13, 1994.

Ray Sandstrom, pro se.

Michael D. Zwickl, Casper, for appellee.

Before GOLDEN, C.J., THOMAS, MACY and TAYLOR, JJ., and CARDINE, J. (Retired).

MACY, Justice.

Appellant Ray Sandstrom (the husband) appeals from the district court's orders which purportedly granted summary judgments in favor of Appellee Jodi Sandstrom (the wife) in both of these cases and which ordered the husband to have no further ex parte contacts with the wife.

We affirm Case No. 93–253 and dismiss Case No. 93–254.

## Issues

The husband presents four issues for our review:

### Point One

Whether the settlement agreement executed by the parties and brought to the attention of the court precluded any further action in the case, including the order granting summary judgment?

### Point Two

Whether the facts presented not only precluded summary judgment but also required the court to declare the judgment involved to be void and unenforceable?

### Point Three

Whether the referral to a commissioner of the hearing upon the appellant's motion to vacate void judgment denied him a proper hearing and resulted in an improper summary judgment?

### Point Four

Whether the court improperly enjoined the appellant from communicating with the appellee?

## Facts

The parties divorced in Florida in 1991. The divorce court ruled that during the marriage the husband had gifted all his corporate stock in Sandstrom, Inc. to the wife.

The corporation held the title to a ranch which was located in Fremont County, Wyoming. After the petition for a dissolution of the marriage had been filed but before the decree was entered, the corporation conveyed the title to the ranch to Debra Jo Hoecherl. Hoecherl subsequently quitclaimed her interest in the ranch to Pete Stamper. The divorce court set aside the transfer of the ranch from the corporation to Hoecherl and declared: "Equitable title to the Wyoming Ranch, ... and all of the personalty therein, is vested in [the wife], sub-

ject only to her taking the necessary legal action, if any, to vest legal title in her name."

The husband appealed to a Florida district court of appeal. Among other things, he argued that the divorce court had erred by granting relief which the wife had not requested in her pleadings. The district court of appeal affirmed the divorce court's decision on that issue and specifically found that in her pleadings the wife had requested the relief which the divorce court had granted. *Sandstrom v. Sandstrom*, 617 So.2d 327, 328 (Fla.Dist.Ct.App.1993). The Florida Supreme Court refused to hear the case on appeal. *Sandstrom v. Sandstrom*, 629 So.2d 135 (Fla.1993).

The wife filed the Florida judgment in the district court in Fremont County, Wyoming (the domestication action). She also filed an action in that court to quiet title against all persons who claimed an interest in the Wyoming ranch (the quiet title action). The husband was not specifically named as a defendant in the quiet title action; however, he asserted a right in the property and filed an answer and counterclaim.

The husband filed a motion in the domestication action to vacate a void foreign judgment. He contended that the Florida divorce decree was void because he had not been given due process in the Florida action. He argued that the Florida divorce court granted relief which was different from that requested in the wife's pleadings and thereby violated his right to receive notice under the Due Process Clauses of the United States Constitution and the Wyoming Constitution.[1] A hearing was held before a district court commissioner. The commissioner presented his findings to the district court, but the district court did not specifically rule on the husband's motion.

The wife filed a motion for a summary judgment in each case. After the husband failed to respond to the wife's motions, the wife moved for the entry of a judgment in each case. The husband filed a memorandum in each case regarding the summary

judgment motion. One day before the hearing was scheduled to be held on the motions for summary judgment, the husband filed a motion to dismiss the quiet title action. He contended that the wife had signed an agreement which settled all the outstanding differences between the parties.

The district court heard arguments on the wife's motion for a summary judgment in the domestication action and filed its order on October 11, 1993, which granted a summary judgment to the wife in that case. The district court filed an identical order in the quiet title action. The district court also ordered the husband to have no further ex parte contacts with the wife. The husband appealed to this Court.

### Case No. 93–253

### Domestication Action

#### A. *Summary Judgment*

■ The husband argues that the district court erred by granting a summary judgment in favor of the wife in the domestication action because his motion to dismiss, which he based upon the alleged settlement agreement, created a genuine issue of material fact. In reviewing an order which grants a summary judgment: " 'We examine [the record to determine] whether a genuine issue of material fact exists and whether the prevailing party was entitled to judgment as a matter of law.' " *Foianini v. Brinton*, 855 P.2d 1238, 1240 (Wyo.1993) (quoting *Slavens v. Board of County Commissioners for Uinta County*, 854 P.2d 683, 685 (Wyo.1993)).

The district court did not err in granting a summary judgment for the wife in the domestication action. The husband did not file his motion to dismiss in the domestication action until after the district court had already entered its order which granted a summary judgment in favor of the wife. Also, the husband failed to respond to the wife's motion for a summary judgment within the time provided in Rules 56(c) and 6(c) of the Wyoming Rules of Civil Procedure.[2] The

---

1. U.S. Const. amend. V & amend. XIV; Wyo. Const. art. 1, § 6.

2. W.R.C.P. 56(c) provides in pertinent part:

(c) *Motion and proceedings thereon.*—Unless the court otherwise orders, the motion and any

husband did not present the alleged settlement agreement to the district court in a timely fashion.

### B. *Validity of Florida Judgment*

■ The husband argues that the Florida judgment was void and unenforceable under W.R.C.P. 60(b)(4)[3] and that the district court erred by granting a summary judgment to the wife. He contends that, because the Florida court violated his due process rights when it granted relief to the wife which she had not requested in any of her pleadings, the Florida judgment was void and was not entitled to be accorded full faith and credit in Wyoming.

Under article IV, section 1, of the United States Constitution, the final judgments and public acts of one state must be given full faith and credit in every other state. The United States Supreme Court has held that full faith and credit "generally requires every State to give a judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it." A foreign judgment will be enforced to its full extent regardless of any errors or irregularities it may contain.

The full faith and credit clause generally protects the judgment·of a court of a sister state against collateral attacks, unless proper grounds for the collateral attack can be established.

*Marworth, Inc. v. McGuire*, 810 P.2d 653, 655–56 (Colo.1991) (en banc) (quoting *Durfee v. Duke*, 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186 (1963)) (citations omitted). Wyoming implemented the Full Faith and Credit Clause of the United States Constitution[4] by adopting the Uniform Enforcement of Foreign Judgments Act. Wyo.Stat. §§ 1–

17–701 to –707 (1988). *See generally Salmeri v. Salmeri*, 554 P.2d 1244 (Wyo.1976).

■ A judgment is void if the rendering court "acted in a manner inconsistent with due process [of law]." *JW v. State, ex rel. Laramie County Department of Public Assistance and Social Services (In re WM)*, 778 P.2d 1106, 1110 (Wyo.1989). A judgment which was obtained in violation of due process of law is not entitled to have full faith and credit. 50 C.J.S. *Judgments* § 889 at 472 (1947). *See also World–Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). "It is basic that, *before* a property interest can be terminated, except in emergency situations, due process must be afforded to litigants in the form of notice and a *meaningful* opportunity to be heard." *Lawrence–Allison and Associates West, Inc. v. Archer*, 767 P.2d 989, 997 (Wyo.1989) (emphasis in original).

■ The husband presented his argument to the Florida courts that the pleadings did not properly request the relief which had been granted to the wife. The Florida courts decided against him. Under the Full Faith and Credit Clause, a foreign judgment is entitled to be accorded the same validity and effect in a sister state as it would have in the rendering state. *Bell Atlantic Tricon Leasing Corporation v. Johnnie's Garbage Service, Inc.*, 113 N.C.App. 476, 439 S.E.2d 221, 223 (1994). When parties are prohibited from reasserting issues in the rendering state, they are also barred from asserting those issues in a sister state. *Cf. Osborn v. Ashland County Board of Alcohol, Drug Addiction and Mental Health Services*, 979 F.2d 1131, 1131–35 (6th Cir.1992) (per cu-

response and other papers relating thereto shall be served pursuant to Rule 6(c).

W.R.C.P. 6(c) states in relevant part:

(c) *Motions and motion practice.*

(1) Unless these rules or an order of the court establish time limitations other than those contained herein, all motions ... shall be served at least 10 days before the hearing on the motion. Except as otherwise provided in Rule 59(c), or unless the court by order permits service at some other time, a party affected by the motion may serve a response, together with affidavits, if any, at least three days prior to the hearing on the motion or within 20

days after service of the motion, whichever is earlier.

**3.** W.R.C.P. 60(b)(4) provides:

(b) *Other reasons.*—On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void; ....

**4.** U.S. Const. art. IV, § 1.

riam) (holding that a federal court must not consider a due process issue which had previously been decided by a state court).

Under Florida law, the judicial doctrine of collateral estoppel prohibits relitigation of an issue "where the parties and issues are identical and where a particular matter has been fully litigated and determined in a prior litigation which has resulted in a final decision in a court of competent jurisdiction." *Prudential Insurance Company of America v. Turkal*, 528 So.2d 487, 488 (Fla.Dist.Ct.App. 1988) (per curiam). Under this rule, the parties would be barred from relitigating the issue in Florida as to whether the pleadings requested the relief which had been granted to the wife. The husband and the wife were parties in both actions. The issue which the husband asserts in the Wyoming action is exactly the same issue which he presented to the Florida courts, and the Florida district court of appeal, which was a court of competent jurisdiction, entered a final judgment on the issue. The Wyoming district court properly gave full faith and credit to the Florida judgment.

## C. *District Court Commissioners*

■ The husband argues that the referral of the hearing to a district court commissioner on his motion to vacate a void judgment denied him the right to have a full hearing and resulted in an improper summary judgment being granted against him. He takes issue with a number of the commissioner's findings. The husband also contends that the transcript of the hearing which was held before the commissioner had not been prepared before the district court ruled on the wife's motion for a summary judgment.

No error occurred in the proceedings. The husband was not prejudiced by the commissioner hearing his motion to vacate a void judgment. Article 5, section 14 of the Wyoming Constitution authorizes the Legislature to enact laws which allow district courts to appoint commissioners. The constitutional provision states that the commissioners "shall have authority to perform such chamber business in the absence of the district judge from the county." WYO. CONST. ART. 5, § 14. The Legislature has articulated the

law which is applicable to commissioners. WYO.STAT. §§ 5–3–301 to –312 (1992 & Supp. 1993). Section 5–3–307(a)(v) sets out the commissioners' powers:

> (a) Each district court commissioner shall have the powers in respect to every suit or proceeding pending in the district court of the county for which he was appointed, as follows:
>
> .    .    .    .    .
>
> (v) To take evidence and make findings, and report the same to the district court[.]

In *Foster v. Foster*, 768 P.2d 1038 (Wyo. 1989), and *Gaines v. Doby*, 773 P.2d 442 (Wyo.1989), *appeal after remand*, 794 P.2d 566 (Wyo.1990), we clarified the commissioners' powers and duties. We held that the district court must conduct an independent review of the evidence and the commissioner's findings when it is making its decision. *Foster*, 768 P.2d at 1042; *Gaines*, 773 P.2d at 444–45. The Court indicated that, in order to conduct its review: "We would expect that, in most instances, the district court would require a transcript of the evidentiary hearing." *Foster*, 768 P.2d at 1042. In both *Foster* and *Gaines*, this Court ruled that the procedures which had been employed by the district courts when they reviewed the commissioners' findings were inadequate. *Foster*, 768 P.2d at 1041; *Gaines*, 773 P.2d at 445.

This case is significantly different from *Foster* and *Gaines*. Here, the commissioner specified in his findings which he presented to the district court that the district judge was absent when the hearing was held. The commissioner provided a fairly substantial review to the district court of the parties' arguments. Additionally, the district court considered essentially the same arguments when it ruled on the motion for a summary judgment. The district court's order indicates that, in reaching its decision, the district court reviewed the extensive materials which the husband had submitted. The district court properly examined the evidence and the commissioner's findings in reaching its decision.

## Case No. 93–254

### Quiet Title Action

■ We must determine whether the quiet title action is properly before this Court. The husband contends that a summary judgment was granted in that case. The record, however, is not clear on this point. An order which purportedly granted a summary judgment was filed in the quiet title action. That order was identical to the one which was filed in the domestication action. The district court subsequently entered an order in the quiet title action which indicated that the district court would hear arguments at a later date on the husband's motion to dismiss. If the district court had granted a summary judgment in favor of the wife which disposed of the entire case, it would no longer have had any reason to consider the husband's motion to dismiss. The wife, who would have been the prevailing party if her motion for a summary judgment had been granted, concedes in her brief that "the District Court simply refused to grant [the wife's] motion for summary judgment in [the quiet title action] because of [the husband's] Motion to Dismiss filed the day before the hearing and the ex parte 'Agreement' filed the day of the hearing." Because we do not know how the district court finally disposed of the quiet title action, we cannot consider the merits of that case on appeal. *See* W.R.A.P. 1.05. *See also Ruppenthal v. State, By and Through Economic Development and Stabilization Board*, 849 P.2d 1316, 1318–19 (Wyo.1993).[5]

### Ex Parte Contacts

■ The husband contends that the district court's order which forbade him from having any further ex parte contacts with the wife about the Wyoming litigation was improper. The husband characterizes the district court's order as being a "restraining order" or an injunction. He asserts that the district court did not comply with the specific requirements which must be fulfilled when a restraining order or an injunction is entered.

■ We believe that "protective order" would be a more proper label for the district court's order. We generally review protective orders under the "abuse of discretion" standard. However, whether an attorney has the right to contact the opposing party who is represented by counsel is a legal decision which we consider without giving any deference to the district court's determination. *See Strawser v. Exxon Company, U.S.A., a Division of Exxon Corp.*, 843 P.2d 613, 617 (Wyo.1992). The husband was an attorney who was licensed to practice law in Wyoming and who was, therefore, an officer of the court and subject to the control of the courts. *See Meyer v. Norman*, 780 P.2d 283, 288 (Wyo.1989), and *McCabe v. R.A. Manning Construction Co., Inc.*, 674 P.2d 699, 709 (Wyo.1983). Without citing any authority for his contention, the husband argues that, because he was a party to the action, he had an absolute right to contact the wife, who was the opposing party.

■ Rule 4.2 of the Rules of Professional Conduct for Attorneys at Law provides:

In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

Comment [1] to the rule states: "[P]arties to a matter may communicate directly with each other." Our research has revealed that courts which have considered the rights of attorneys who were representing themselves to contact the opposing parties who were represented by counsel have reached varying conclusions. The Connecticut Supreme Court held that, when an attorney was acting on his own behalf, he was not "representing a client" and that, therefore, he did not violate his ethical duties when he contacted the opposing party, even though that party was represented by counsel. *Pinsky v. Statewide Grievance Committee*, 216 Conn. 228, 578 A.2d 1075, 1079 (1990). The Illinois Supreme Court reached the opposite conclusion and

---

5. The wife asks us to render an advisory opinion on the validity of the alleged settlement agreement. "This Court has repeatedly said that it will not issue advisory opinions." *Briggs v. Wyoming National Bank of Casper*, 836 P.2d 263, 266 (Wyo.1992). We decline to do so now.

held: "An attorney who is himself a party to the litigation represents himself when he contacts an opposing party." *In re Segall*, 117 Ill.2d 1, 109 Ill.Dec. 149, 151, 509 N.E.2d 988, 990 (1987). *See also In re Heider*, 217 Or. 134, 341 P.2d 1107, 1117 (1959).

We agree with the Illinois Supreme Court's rationale. The rule

> is designed to protect litigants represented by counsel from direct contacts by opposing counsel. A party, having employed counsel to act as an intermediary between himself and opposing counsel, does not lose the protection of the rule merely because opposing counsel is also a party to the litigation.

109 Ill.Dec. at 151, 509 N.E.2d at 990.

The need for such protection is especially evident under the facts of this case. The wife was a hospital patient when the husband contacted her about settling their differences. The wife contends that she asked the husband to contact her attorney but that he did not comply with her request. The wife was entitled to be protected by Rule 4.2. The district court did not err when it ordered the husband to have no further ex parte contacts with the wife.

## Motion to Strike

The wife asks this Court to strike the husband's designation of several transcripts.

She contends that the husband did not properly designate the transcripts; that the husband did not properly present certain transcripts to the district court; and that, pursuant to an order which this Court previously issued, one of the transcripts was already excluded. The question is purely academic at this point because our decision would be the same regardless of whether or not we considered the transcripts. We order that the wife's Motion to Strike be, and hereby is, denied.

## Conclusion

The district court did not err when it granted the wife's motion for a summary judgment in the domestication action and ordered the husband to have no further ex parte contacts with the wife. Case No. 93–253 is affirmed.

We hold that the quiet title action is not properly before this Court because a final order had not been rendered by the district court. Case No. 93–254 is dismissed.