**George E. MAY, Jr., Appellant (Defendant),**

v.

**Shawn J.E. MAY, Appellee (Plaintiff).**

No. 96–251.

Supreme Court of Wyoming.

Oct. 17, 1997.

George E. May, Jr., pro se.

Julie Nye Tiedeken, Cheyenne, for Appellee (Plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

Based upon the findings of a district court commissioner, the district court ordered a

change of custody from appellant (Father) to appellee (Mother). Father challenges the commissioner's authority on numerous grounds and also alleges improprieties in the district court proceedings. We remand for a ruling by the district court on the admissibility of evidence which the commissioner did not allow Father to present.

The issues pertinent to our decision can be summarized as follows:

1. Did the district court commissioner act within his authority?
   a. Was the district court commissioner properly appointed?
   b. Can a district court commissioner take evidence and make findings in a custody modification case?
   c. Can a district court commissioner grant a motion in limine restricting the presentation of evidence?
2. Did the district court abuse its discretion or otherwise act improperly when it ordered a change in custody?

### FACTS

The parties were divorced on May 24, 1993. The initial divorce decree provided that Father and Mother would have joint custody of the three minor children, with Father having primary custody during the school year and Mother having primary custody during the summer months.

A little more than a year after the divorce, Father filed a motion to modify the divorce decree. He alleged that the children had been physically abused while with their mother and asked the court to award him sole custody of the children. Mother counterclaimed, asking the court to grant her sole custody of the children on the basis that Father had continually interfered with her visitation rights and assaulted her in front of the children.

A hearing was set for July 20, 1994; but, on the date of the hearing, the parties agreed to go forward with the joint custody arrangement set forth in the divorce decree with a few minor changes. However, the parties could not agree on a stipulation and order. On November 2, 1994, the court entered an order stating that all settlement papers must be filed within twenty days or the relief sought before the court would be deemed denied without further order. No settlement papers were filed.

After continuing problems with visitation and a barrage of contempt motions filed by both parties, Father requested a change of custody. Mother counterclaimed, also requesting sole custody. As before, on the day of the hearing, May 1, 1995, the parties settled, putting their settlement agreement on the record. The settlement agreement provided that if either party interfered with the visitation rights of the other party, the court may consider such interference as grounds for a change in custody. Despite this language, within two weeks the parties were again battling over visitation and filing contempt motions.

In October 1995, Father filed a renewed motion asking the court to terminate Mother's visitation entirely, claiming the children had been physically abused and/or sexually molested. Mother denied the allegations and counterclaimed. Her claim alleged that Father continued to falsely accuse Mother of abuse to harass Mother and to keep her from visiting the children. She further contended that she had to continually petition the court to enforce her visitation rights and Father's noncompliance with the settlement agreement was grounds for a change in custody.

Following two days of hearings, the district court commissioner provided a report to the district court recommending that custody be changed from Father to Mother. According to the procedures followed in Laramie County, Father filed his objections to the report with the district court. Father objected in part because the commissioner limited Father's evidence. Although the commissioner had originally denied Mother's motion in limine, at the hearing the commissioner directed that only matters relevant to the case occurring after May 1, 1995 could be introduced into evidence. Mother, in her response to the objection, acknowledged that the commissioner precluded evidence relating to events prior to May 1, 1995.

The record contains an order setting a hearing on the parties' objections to the com-

missioner's report. Apparently the parties did not appear, but their attorneys did. The hearing was unreported, and the record is silent as to the substance of the proceeding. The district court then issued an Order Changing Custody, which adopted the findings and recommendations of the commissioner but did not specifically address Father's objections. Father timely appeals.

### DISCUSSION

Father presents several issues relating to the authority of district court commissioners. The basis of Father's argument is that the commissioner's acts in this case exceeded statutory authority and, therefore, are void. *See generally* W.S. 5–3–301 through 312 (1997). Statutory interpretation is a question of law, so our standard of review is *de novo. Parker Land and Cattle Co. v. Game and Fish Comm'n,* 845 P.2d 1040, 1042 (Wyo. 1993). If the conclusion of law is in accordance with the law, we affirm it; if it is not, we correct it. *Id.*

Father alleges that the commissioner's appointment was unlawful under W.S. 5–3–304, which states: "The order appointing each district court commissioner shall be made in open court and entered upon the journal. A certified copy of such a journal entry shall be evidence of such appointment in all the courts of this state." Father's contention is inconsistent with the record. The district court's order appointing the commissioner complies with W.S. 5–3–304 and is a matter of public record.

Father then argues that W.S. 5–3–307 should be read to limit a court commissioner's authority to act to those occasions when the district court judges are on vacation or when a conflict of interest exists. Section 5–3–307(a) states, in relevant part: "Each district court commissioner *shall have the powers in respect to every suit or proceeding pending in the district court of the county for which he was appointed[.]* " (Emphasis added.) The statute then enumerates the commissioner's powers in subsections (a)(i) through (a)(viii). In support of his argument, Father cites subsections (i) and (ii) which apply to specific situations when no qualified judge is present in the

county or when a judge has been disqualified. Subsection (a)(iv) is also limited to the situation where an application has been made for a change of judge. However, the powers enumerated in the other subsections are not so limited and, therefore, apply in "every suit or proceeding pending in the district court of the county for which [the commissioner] was appointed." Here, the record establishes that Commissioner Schrader was properly appointed pursuant to the Wyoming statutes, and his appointment states that he shall take evidence and make findings in proceedings involving "petitions for modification of decrees concerning child custody and child support." We have previously held that, pursuant to the Wyoming Constitution and statutes, an assignment to a court commissioner to take evidence and make findings in proceedings to modify a divorce decree is not improper. *Gaines v. Doby,* 773 P.2d 442, 445 (Wyo. 1989). Therefore, Father's argument is without merit.

Likewise without merit is Father's claim that the commissioner exceeded his constitutional authority and violated the Judicial Code of Conduct by denying eleven requests for hearings to modify custody. The record contains numerous requests for hearings before the commissioner, and on the bottom of each request is a signed order setting a hearing date. In several instances, Father either requested or stipulated to a continuance. In others, the parties apparently reached an agreement on the date of the hearing. Under these circumstances, Father cannot now be heard to complain that the commissioner did not proceed expeditiously.

Father contends that the failure to record the attorneys' summations of evidence and closing arguments in the proceedings before the commissioner constitutes error. Father presents no cogent argument or pertinent authority on this issue, and we summarily affirm. *Hamburg v. Heilbrun,* 891 P.2d 85, 87 (Wyo.1995).

Finally, Father attacks evidentiary rulings made by the commissioner. Conspicuously absent from the record, however, is a tape recording or transcript of the proceedings in

front of the commissioner. Ordinarily when an appellant fails to provide an adequate record, we will restrict our review to those issues not requiring inspection of the record. *Stadtfeld v. Stadtfeld,* 920 P.2d 662, 664 (Wyo.1996). In this case, however, the record is sufficient for us to resolve the legal question as to the extent of the commissioner's authority.[1]

As early as 1912, this court recognized the limited nature of a court commissioner's powers:

> The commissioner as to matters pending in the court is a subordinate officer of the court. He is not a District Judge who alone possesses the power to preside over a District Court. There can be no such court in the absence of a qualified judge *de facto* or *de jure.* The Court Commissioner is neither.

*Huhn v. Quinn,* 21 Wyo. 51, 60–61, 128 P. 514, 516 (1912). The language of W.S. 5–3–307(a)(v) is clear and unambiguous in authorizing a commissioner to *"take evidence* and make findings, and report the same to the district court." (Emphasis added.) In *Foster v. Foster,* we interpreted that statutory provision to mean that a commissioner is required to "prepare a report of some substance which at least summarizes the evidence presented and indicates the basis upon which he has made his findings of fact." 768 P.2d 1038, 1042 (Wyo.1989); see also *Gaines v. Doby,* 773 P.2d at 445. Section (a)(v) does not confer upon the commissioner the authority to exclude evidence or to make legal rulings determining the admissibility of evidence. "The differentiation is between adjunct fact finding and plenary judicial responsibility." *Foster,* 768 P.2d at 1042 (Urbigkit, J., specially concurring). We hold that the commissioner exceeded his authority, first, when he denied Mother's motion in limine and, second, when he in effect granted the motion by excluding Father's evidence at the hearing. Except where otherwise provided by statute, e.g., W.S. 5–3–307(a)(i), (ii), and (iv), the authority to make legal rulings on the evidence is vested solely in the district court.

The district court must independently review the evidence and findings in making its decision, with such review being indicated on the record. *Gaines,* 773 P.2d at 445. "[T]he record should clearly indicate that the district court has independently reviewed the evidence and findings and reached its decision accordingly." *Foster,* 768 P.2d at 1042. The court, in its Order Changing Custody, indicates its findings were made based on

> the Court having reviewed the Commissioner's summary of evidence and the proposed findings and recommendations, the basis for such proposed findings and recommendations, the objections of the parties, if any, [and] *the pertinent parts of the evidence*[.]

(Emphasis added.) The district court reports that it reviewed the commissioner's summary, the parties' objections,[2] and the pertinent parts of the evidence. The commissioner's report was factually detailed and otherwise complete but failed to inform the district court that certain evidence had been excluded from consideration. Although the court heard the parties' objections, we are

---

1. In addition, it appears that Father attempted to comply with the district court's written procedures for transcript preparation. The record contains a demand by Father for the transcript of the proceeding before the commissioner. Father's letter indicated: "The proceedings were transcribed for review by Judge Grant, and a copy of the proceedings was provided to me at that time." The transcript is listed in the designation of the record on appeal. However, the district court clerk indicated by transmittal letter to this court that no transcript exists. The record provides no further insight as to what actually transpired, but we are not convinced that Father bears full responsibility for the gap in the record.

2. The district court entered an order setting a hearing on the parties' objections to the commissioner's report. Father submitted a motion to vacate the hearing and reset the date and, although the record contains no ruling on the motion or indication that a hearing took place, both Father and Mother state in their briefs that a hearing was conducted and attorneys for both parties were in attendance. Father contends that he was denied the right to be heard because he was not personally present. However, that argument, like many of the arguments Father presents for our review, is unsupported by cogent argument or pertinent legal authority, and we decline to consider it further. *See Hamburg,* 891 P.2d at 87.

unable to discern whether the court relied on the commissioner's determination that Father's evidence was inadmissible or if the court reviewed the excluded evidence and made an independent ruling on its admissibility. In a situation such as this, where the guiding principle is "the best interests of the children" and where the record contains allegations of child abuse, we are unwilling to risk the possibility that the district court relied on an erroneous evidentiary ruling. Therefore, we remand to the district court for further consideration.

## CONCLUSION

The commissioner had authority to take evidence and make findings in this case. However, the commissioner exceeded his lawful authority when he ruled on a motion in limine and refused to accept Father's evidence at the hearing. We remand with instructions to the district court to conduct an independent review of the excluded evidence, make a ruling on the admissibility of the evidence, and to reconsider its order in light of that ruling. In the meantime, the district court's order shall remain in effect.