Lauriat, J.
In this commercial landlord-tenant action, the landlord-plaintiffs, Elijah L. Fishelson and Joseph A. Gordon, as they are Trustees of the Max Fishelson Trust d / b / a CC&R Realty Trust (“the Trustees”), have moved the court for an order restraining and enjoining the tenant-defendant, Robert J. Skorupa (“Skorupa”), from communicating directly with either of the Trustees on the subject matter of this action since the Trustees are represented by counsel. The Trustees’ counsel is Joseph A. Gordon. Skorupa, who is an attorney licenced to practice in Massachusetts, is appearing pro se in this action.
The Trustees contend that since the commencement of the present action, Skorupa has communicated directly with Elijah L. Fishelson about matters which are the subject of this action, and that as an attorney, he is ethically barred from doing so. Skorupa contends that as a litigant appearing pro se, he is allowed to engage in such communications.
The issue before this court is whether, in a civil case, a lawyer who is representing himself as the named defendant, may communicate directly on the subject-matter of the litigation with the party plaintiff, when that plaintiff is represented by an attorney, or must he communicate only with the attorney for the plaintiff.
Rule 4.2 (Communication with Person Represented by Counsel) of the Massachusetts Rules of Professional Conduct, Supreme Judicial Court Rule 3:07 (effective January 1, 1998), does not directly address this issue.[1] However, the Comment to Rule 4.2 of the *459 Annotated Model Rules of Professional Conduct, Fourth Edition, Center for Professional Responsibility, American Bar Association, states that when lawyers are themselves parties to the action in question, they may not contact the adverse party directly.[2] See Runsvold v. Idaho State Bar, 925 P.2d 1118 (Idaho 1996); In re Segall, 509 N.E.2d 988 (Ill. 1987); Sandstrom v. Sandstrom, 880 P.2d 103 (Wyo. 1994); and D.C. Bar Legal Ethics Comm., Op. 258. See also Langs, Legal Ethics: The Question of Ex Parte Communications and Pro Se Lawyers under Model Rule 4.2— Hey, Can We Talk?, 19 W.New Eng.L.Rev. 421 (1997). Rule 4.2 (formerly DR 7-104(a)(1))
is designed to protect litigants represented by counsel from direct contacts by opposing counsel. A party, having employed counsel to act as an intermediary between himself and opposing counsel, does not lose the protection of the rule merely because opposing counsel is also a party to the litigation.
Sandstrom v. Sandstrom, 880 P.2d at 109, quoting In re Segall, 509 N.E.2d at 990.
Pro se attorneys who communicate about legal matters with opposing parties may engage in self-serving conduct. Such conduct violates the ethical standards of objectivity, refraining from harassment, and avoiding the appearance of impropriety. Such conduct thwarts the legal profession’s ethical aspirations to serve the public interest. Additionally, self-serving conduct violates the duty to the proper administration of justice. This compromises the obligation to maintain the integrity of the legal profession and is unethical. Unethical attorney self-representation injures not only attorneys and opposing parties, but also the legal process and the public’s confidence in the legal system.
Langs, Legal Ethics: The Question of Ex Parte Communications and Pro Se Lawyers wider Model Rule 4.2— Hey, Can We Talk?, 19 W.New Eng.L.Rev. at 453.
As noted by the Supreme Court of Wyoming in the Sandstrom case, where the moving party had also requested an injunction against contact by the opposing party/attorney, the nature of the relief sought here might more properly be labeled a motion for a protective order rather than a motion for a preliminary injunction. Treated as such, the motion will be allowed, provided that the no-contact provision will apply equally to those contacts that might otherwise be initiated by the Trustees, or either of them, as well as to those contacts that might otherwise be initiated by Skorupa.
Accordingly, it is ORDERED that:
1. Robert J. Skorupa shall refrain from contacting, meeting with, speaking with, and/or discussing with Elijah L. Fishelson and/or Joseph A. Gordon, as they are Trustees of the Max Fishelson Trust d/b/a CC&R Realty Trust (“the Trustees”), any matters relating to Skorupa’s tenancy, lease, rent payments, rental rates or other matters relating to the subject of the present action between the parties, except through or with the written permission of Joseph A. Gordon, as he is counsel for the Trustees; and
2. Elijah L. Fishelson and/or Joseph A. Gordon, as they are Trustees of the Max Fishelson Trust d/b/a CC&R Realty Trust (“the Trustees”), shall refrain from contacting, meeting with, speaking with, and/or discussing with Robert J. Skorupa any matters relating to Skorupa’s tenancy, lease, rent payments, rental rates or other matters relating to the subject of the present action between the parties, except through or with the written permission of Joseph A. Gordon, as he is counsel for the Trustees.

 Rule 4.2 states: “in representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.”

 The text of Rule 4.2 of the Model Code is identical to Rule 4.2 of the Massachusetts Rules.