**In the Matter of Alan SYFERT.**

**No. 53S00–8806–DI–576.**

Supreme Court of Indiana.

March 13, 1990.

No appearance entered for respondent.

Sheldon A. Breskow, David F. Hurley, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent in this disciplinary case is charged with violating Rules 4.2 and 8.4(d) of the *Rules of Professional Conduct for Attorneys at Law.* The Indiana Supreme Court Disciplinary Commission and the Respondent have reached an agreement, pursuant to Admission and Discipline Rule 23, Section 11(d), which they now tender for this Court's approval. The Respondent has also submitted his affidavit as required by Admission and Discipline Rule 23, Section 17(a).

Having examined all matters tendered in this case, we find that the agreement should be approved. In accordance therewith, we find that in June of 1987, Mr. Joe Bryan, (Bryan) retained the Respondent to represent him in the sale of Bryan's home and real estate located in Bloomington, Indiana. In July of 1987, the Respondent and Bryan met with Ms. Marilyn Stone (Stone), a woman who had occupied the house in question with Bryan's permission, and executed a written Offer to Purchase Real Estate. Prior to closing, Ms. Stone gave notice that she would be unable to purchase the house, and she later moved. After Stone's departure from the house, the Respondent contacted Ms. Stone several times demanding that Stone pay Bryan the sum of $1,280 (One Thousand Two Hundred Eighty Dollars) in damages as rent for the months she occupied Bryan's house.

In October of 1987, Stone retained Indiana University School of Law Community Legal Clinic (Clinic) to represent her in her dispute with Bryan. An intern qualified under Admission and Discipline Rule 2.1 to serve under the direction of a supervising attorney was assigned to work with the indigent Ms. Stone.

In the months of October and November, negotiations began between the Clinic and the Respondent. Then, in an attempt to persuade Ms. Stone to settle, the Respondent contacted Ms. Stone twice without the knowledge or consent of the Clinic. During the two conversations, the Respondent spoke disparagingly of the Clinic's advice and threatened the indigent Ms. Stone with the possibility of having to pay substantial damages and costs if she were unsuccessful at trial.

As a result of these communications, Ms. Stone agreed at the close of the Respondent's second communication to settle for a sum in excess of an offer to compromise which the Clinic had previously conveyed to the Respondent.

In mitigation the parties have agreed that, at the time of the Respondent's initial demands, he suggested that Ms. Stone retain counsel. The Respondent was under substantial pressure to settle the dispute from his client, Bryan, who had purchased a home in Florida in reliance on Ms. Stone's original offer to purchase the Bloomington home and was paying two mortgages simultaneously. Prior to the Respondent's second communication with Ms. Stone, the Respondent attempted unsuccessfully to contact the Clinic regarding his attorney's fees. Finally, after having persuaded Ms. Stone to pay the attorney's fees, the Respondent mailed a letter, including a Release and Promissory Note, to the Clinic for legal review and execution by Ms. Stone.

We conclude that, by communicating with an opposing party in a legal dispute whom he knew to be represented by a lawyer, without the lawyer's knowledge or consent, the Respondent violated Rule 4.2 of the *Rules of Professional Conduct;* by circumventing the negotiations of the opposing lawyer in order to pressure Ms. Stone to settle on terms less favorable than her lawyer had previously negotiated, the Respondent violated Rule 8.4(d) of the *Rules of Professional Conduct for Attorneys at Law.*

The conditional agreement proposes the imposition of a public reprimand for the misconduct found in this case. In our consideration of the propriety of such sanction, we note that Respondent's contact with the opposing party whom he knew to be represented by counsel, without the counsel's knowledge or consent, and in order to reach an agreement different from that which had been offered by opposing counsel, undermines the representative adversarial system. We are also concerned that Respondent's method of persuasion took unfair advantage of an individual who had been deemed indigent. On the other hand, we are mindful of the mitigating factors agreed to by the Commission and give weight to their assessment of the agreed sanction. Consequently, we are persuaded that, under these circumstances, a public reprimand adequately censures the Respondent. Accordingly, this Court, by reason of the violations of the *Rules of Professional Conduct for Attorneys at Law* set forth in this opinion, the Respondent, Alan Syfert, is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.

DICKSON, J., dissents and would impose a 30 day suspension.

PIVARNIK, J., not participating.