54 F.3d 645
 Jean F. TRIGALET and Myra J. Trigalet, Personal
Representatives of the Estate of Constance
Trigalet, Plaintiffs-Appellees,
v.
Terry YOUNG; Dick Crawford; Roger Randle; Drew Diamond;
Robert Dick; Robert H. Gardner; T.G. Jones; Robert N.
Dick, Ollie Harris; Vic Seal; Robert Chance; B.D.
Gardner; S.H. Emmons; M. Goins; E.E. Compos; D.L.
Christy; John Fleak; R. Plunk; S. Willis; Tulsa Police
Department; City of Tulsa, Defendants,
and
M. Warrick; H.G. Stege; D. Pierce, Defendants-Appellants.
 No. 94-5006.
 United States Court of Appeals,
Tenth Circuit.
 May 2, 1995.
 
 David L. Pauling, City Atty., and Michael C. Romig, Asst. City Atty., Tulsa, OK, were on the brief, for defendants/appellants.
 Jack B. Sellers and Jessie Huff Durham, Jack B. Sellers Law Assoc., Inc., Sapulpa, OK, were on the brief, for plaintiffs/appellees.
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 The personal representatives of Constance Trigalet (Trigalets) brought this action under 42 U.S.C. Sec. 1983 against the City of Tulsa and three Tulsa police officers. The decedent was killed when a stolen van, pursued at high speeds by defendant officers, ran a red light and struck the vehicle in which she was a passenger.[1] The Trigalets alleged, inter alia, that defendants deprived the decedent of her Fourteenth Amendment right to substantive due process, and deprived her family of their right to intimate familial association. The district court granted summary judgment for the City of Tulsa, but denied it to defendant officers. The court held that the officers were not entitled to qualified immunity on the Trigalets' substantive due process claim upon concluding that, at the time of the incident, the law was clearly established that the officers' conduct could give rise to such a constitutional violation. The officers appeal pursuant to Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). We reverse.[2]
 
 I.
 
 2
 The decedent was killed on May 6, 1990, when a stolen van driven by a thirteen year-old boy struck her vehicle during a high-speed police chase. The pursuit, which took place on a Saturday night, began shortly before midnight when officers observed two vans traveling together which they suspected were stolen. The officers followed the vans while they confirmed that one of them was indeed stolen. When the officers activated their emergency lights, one of the vans pulled over but the other van sped up and fled, pursued by the police.
 
 
 3
 During the initial pursuit through a residential area, the vehicles reached speeds of 60-65 mph and the van ran at least eight stop signs. The officer lost sight of the van, which was later observed to be running without headlights. As a second officer began pursuit, the chase headed toward three major Tulsa intersections. The vehicles reached speeds of up to 80 mph and proceeded at a speed in excess of 70 mph across two major thoroughfares. Although the van did not slow down at these intersections, the traffic lights at the first two happened to be green when the vehicles came through. The pursuit continued at speeds of 80 mph to the third intersection, where the van ran a red light and collided with the vehicle in which the decedent was riding.
 
 
 4
 The Trigalets alleged that the three defendant officers involved in the chase: 1) used unnecessary force in the pursuit, thereby denying the decedent her Fourth Amendment right to be free from unreasonable seizure; 2) acted with deliberate indifference to the rights of innocent bystanders such as decedent, thereby denying her right to due process; and 3) acted with deliberate indifference to the rights of the families of these innocent bystanders, thereby denying decedent's parents, children, and siblings their right to intimate familial association with the deceased.
 
 
 5
 The district court originally granted summary judgment against the Trigalets on all claims against all defendants. Upon the Trigalets' motion to reconsider, the court reassessed its judgment in light of Medina v. City of Denver, 960 F.2d 1493 (10th Cir.1992), and other authority. It reaffirmed its dismissal in favor of the City of Tulsa, but vacated its judgment in favor of the three defendant officers on the claim that their reckless conduct denied the decedent substantive due process. The court concluded that the officers were not entitled to qualified immunity because the law under which defendants actions could form the basis of a constitutional claim became clearly established on March 1, 1990, when this court rendered its decision in Archuleta v. McShan, 897 F.2d 495, 499 (10th Cir.1990). Although the district court did not specifically reaffirm on reconsideration its dismissal of the familial association claim, it impliedly did so by explicitly stating that its prior order of dismissal would stand except for the claim based on reckless conduct as it relates to a due process violation.[3]
 
 II.
 
 6
 We turn to defendants' argument that they are entitled to qualified immunity with respect to the Trigalets' substantive due process claim.
 
 
 7
 Once a defendant pleads qualified immunity, the plaintiff initially bears a heavy two-part burden. First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue....
 
 
 8
 If the plaintiff fails to carry either part of his two-part burden, the defendant is entitled to qualified immunity.
 
 
 9
 Albright v. Rodriguez, 51 F.3d 1531, 1533 (10th Cir.1995) (citations omitted). We held in Medina in 1992 that an officer might be found liable for injury caused by a fleeing suspect if the officer "was aware of a known or obvious risk that was so great that it was highly probable that serious harm would follow and he or she proceeded in conscious and unreasonable disregard of the consequences." 960 F.2d at 1496. We need not determine whether the facts asserted by the Trigalets satisfy this standard, however, because we conclude that the standard was not clearly established in May 1990, and the Trigalets therefore failed to satisfy the second prong of the two-part test.
 
 
 10
 An official is protected from personal liability unless his allegedly unlawful official action was objectively legally unreasonable when assessed in light of legal rules that were clearly established when the action was taken. See Chapman v. Nichols, 989 F.2d 393, 397 (10th Cir.1993).
 
 
 11
 The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.
 
 
 12
 Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987) (citation omitted) (emhasis added).
 
 
 13
 We must therefore ascertain whether it was clearly established on May 6, 1990, that reckless conduct could give rise to a due process claim under section 1983 and that an officer could be liable for injury caused by a fleeing suspect to a member of a definable group, as opposed to the public at large. "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Medina, 960 F.2d at 1498.
 
 
 14
 Turning first to the state of the law on reckless conduct, this circuit had clearly held by May 1990 that recklessness could form the basis for a due process violation. As we observed in Medina, 960 F.2d at 1498, we had so clarified our position in two cases decided prior to the events giving rise to this suit. See Archuleta, 897 F.2d at 499 (10th Cir. Mar. 1, 1990); see also Harris v. Maynard, 843 F.2d 414, 416 (10th Cir.1988) ("wanton or obdurate disregard of" or "deliberate indifference to" prisoner's Fourteenth Amendment rights violates Sec. 1983).
 
 
 15
 We must also ascertain, however, whether it was clearly established in May 1990 that a police officer could be liable under section 1983 for an injury caused by a third party. More specifically, as articulated in Medina, the relevant inquiry is whether, under the state of the law, it was clear that an officer "could be liable under section 1983 for an injury caused not by the officer but by a suspect being chased by the officer." 960 F.2d at 1498.
 
 
 16
 In Medina we concluded it was not clearly established in 1986 that an officer could be held liable under these circumstances, observing that the plaintiff had cited no Tenth Circuit or Supreme Court case on point. Id. We have found no opinion decided between 1986 and 1990 holding that an officer could be held liable under section 1983 to a third party injured as a result of police chasing a fleeing felon. Although we recognize that the very conduct need not have previously been held unlawful, the Trigalets have cited no case, nor have we found one, that is sufficiently analogous to the facts here to persuade us that the law became clearly established before Medina was decided in 1992. Accordingly, we conclude that the Trigalets have not satisfied their burden with respect to defendants' assertion of qualified immunity, and we reverse the district court's determination to the contrary.
 
 
 17
 The judgment of the district court denying defendants' motion for summary judgment on the issue of qualified immunity is REVERSED.
 
 
 
 [1]
 Two other passengers riding in the Trigalet vehicle were killed. Lawsuits brought on behalf of these decedents were consolidated below and qualified immunity was denied in all three cases. Defendant officers have chosen to appeal only in this case
 
 
 [2]
 The parties waived oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 In their response brief on appeal, the Trigalets reassert their familial association claim. They did not cross-appeal on this issue, however, and we therefore have no jurisdiction to consider the district court's grant of summary judgment to defendants. In any event, the Trigalets' argument is foreclosed by our decision in Trujillo v. Board of Cty. Comm'rs, 768 F.2d 1186 (10th Cir.1985)