**AMERICAN NATIONAL BANK OF CHEYENNE, WYOMING, a National Banking Association, in its capacity as Trustee of the Evelyn S. Plummer Trust, Appellant (Defendant),**

v.

**Grant MILLER; Catherine E. Davin; Deborah L. Hickey; Grant E. Miller, Jr.; and The University of Wyoming, Appellees (Plaintiffs).**

No. 94–152.

Supreme Court of Wyoming.

July 25, 1995.

John M. Walker, Cheyenne, for appellant.

Thomas N. Long and H. Frank Gibbard, Cheyenne, for appellees.

Before KAUTZ, THOMAS, MACY, TAYLOR and LEHMAN, JJ.

KAUTZ, District Judge.

This appeal considers whether the beneficiaries of a trust can compel its early termination on the grounds it lacks any remaining material purpose. As collateral matters, this case addresses whether a trustee (who is not also a beneficiary) has standing to challenge the early termination of a trust, and whether the cost of a supersedeas bond was properly allocated to the trustee individually.

The district court found all the beneficiaries of the Evelyn S. Plummer Trust consented to its early termination, and continuation of the trust served no remaining material purpose of the Grantor. An order terminating the trust was issued over the objection of the Trustee, who appealed. The district court then required the Trustee to post a supersedeas bond at its own expense, rather than at the expense of the trust.

We affirm the district court's summary judgment terminating the trust, but reverse its assessment of the cost of the supersedeas bond.

## ISSUES

Appellant Trustee states the following issue:

> In Wyoming, an irrevocable trust should not be revoked in a manner which is contrary to its express provisions because of the suggested expediency of the beneficiaries.

In their brief, Appellees rephrase the issues as:

I. Whether the trial court properly entered summary judgment terminating the Evelyn S. Plummer Trust?

A. Whether this Court should adopt the rule of RESTATEMENT (SECOND) OF TRUSTS § 337 (1957), which allows termination of trusts with no remaining material purpose by consent of all beneficiaries?

B. Whether all of the beneficiaries of the Evelyn S. Plummer Trust have consented to its termination?

C. Whether there is any material purpose for continuing the Plummer Trust?

II. Whether this appeal should be dismissed because Appellant lacks standing to appeal from the trial court's order of summary judgment?

A. Whether any aggrieved party is before this Court?

B. Whether the Bank can appear on behalf of the unborn heirs of the Trust beneficiaries?

C. Whether the Bank is itself an "aggrieved party," in either its personal or fiduciary capacity?

III. Whether the trial court acted within its discretion in ordering Appellant to post a supersedeas bond from its own assets rather than from the assets of the Trust?

## FACTS

Appellant is the Trustee of the Evelyn S. Plummer Trust, established by Mrs. Plummer in 1967. Mrs. Plummer had one child, Vivian Miller. Vivian Miller married Appellee Grant E. Miller. The Millers had three children, Appellees Davin, Hickey and Miller, Jr.

In summary, the trust instructed the Trustee to utilize the trust estate:

1. To support Mrs. Plummer during her lifetime, and pay her debts and expenses upon her death.

2. After Mrs. Plummer's death, to pay $200.00 per month to Vivian and Grant E. Miller, or the survivor of them, and to assist with educational expenses of their children (Davin, Hickey and Miller, Jr.).

3. After the death of both Vivian and Grant E. Miller, to divide the trust estate into "as many equal shares as there are then living children" of Vivian and Grant E. Miller. Those shares are to be distributed:

   a. 20% to each child at age 23 or college graduation, whichever is earlier;

   b. 20% to each child at age 28;

   c. 20% to each child at age 35.

4. When the last of the 20% payments to the grandchildren has been made, to distribute all the balance of the trust estate to the Chiles P. Plummer and Evelyn S. Plummer scholarship fund at the University of Wyoming.

Mrs. Plummer died in 1976 and Vivian Miller passed away in 1992. Grant E. Miller relinquished and assigned his interests in the $200.00 per month payments to Davin, Hickey and Miller, Jr. Those individuals are all over 35 years of age.

Grant E. Miller, Davin, Hickey, Miller, Jr., and the University of Wyoming all consented to termination and distribution of the trust now, even though Grant E. Miller is still living. The Trustee, however, did not consent and refused to terminate the trust.

Appellees brought an action for declaratory relief, requesting that the district court declare the trust be terminated. In response to a Motion for Summary Judgment, the district court issued detailed Findings of Fact and Conclusions of Law in support of an Order directing the trust be terminated.

The Trustee appealed that ruling, and requested the district court's order be stayed during the appeal. Appellees objected to the stay, arguing the trust would incur taxes on income, which if distributed, the University of Wyoming would not have to pay. Appel-lees argued they would lose the use and benefit of the trust estate during the appeal. The district court then required the Trustee to post a supersedeas bond at its own expense, and not at the expense of the trust.

## DISCUSSION

### A. Standing

■ Appellees have raised the issue of the Trustee's standing to bring this appeal. Appellees assert only an "aggrieved party" has standing to appeal. They then argue that only beneficiaries can be aggrieved parties to an order terminating the trust. As a consequence, Appellees believe a trustee has no standing unless it is acting on behalf of an aggrieved beneficiary.

It is true that standing is jurisdictional. *In the Matter of Various Water Rights in Lake DeSmet*, 623 P.2d 764, 767 (Wyo.1981). "For a party to have standing to sue means that he has sufficient stake, in an otherwise justiciable controversy, to obtain a judicial resolution; . . . ." *Spratt v. Security Bank of Buffalo*, 654 P.2d 130, 134 (Wyo.1982).

■ A trustee, however, acts on behalf of both the beneficiaries and the grantor of the trust. A fundamental duty of a trustee is to carry out the terms of the trust. 76 AM.JUR.2D *Trusts* §§ 374, 375 (1992). "The clearly expressed intention of the settlor should be zealously guarded. . . ." *First Nat'l Bank & Trust Co. v. Brimmer*, 504 P.2d 1367, 1371 (Wyo.1973).

■ A trustee has an obligation to defend the trust in order to carry out the material purposes of the trust. WYO.STAT. § 4-8-103(c)(xxv) (Supp.1995) recognizes that a trustee has the power (and standing) to

"prosecute or defend actions, claims or proceedings for the protection of trust assets **and of the trustee in the performance of his duties;** . . . ." (emphasis added)

One of the duties specified for the Trustee in the Plummer Trust was to hold and manage the trust estate, subject to certain conditions, until the death of Grant E. Miller. Although there is a dispute as to whether

such a duty constitutes a material purpose of the trust, the Trustee in this case had the power, and standing, to defend its performance of that duty. This Trustee would not know, until after the resolution of this case, that in Wyoming beneficiaries can direct the termination of a trust where there are no remaining material purposes of the trust.

We hold that in this case the Trustee had standing.

### B. Termination of the Trust

The trial court granted summary judgment directing the trust be terminated. In doing so, the district court held "[w]here all the beneficiaries of a trust consent to termination, and there is no material purpose in continuing the trust, the beneficiaries can compel termination of the trust. RESTATEMENT (SECOND) OF TRUSTS § 337."

■ "Summary judgment is appropriate when no genuine issue of material fact exists and when the prevailing party is entitled to have a judgment as a matter of law." *Sandstrom v. Sandstrom*, 884 P.2d 968, 971 (Wyo. 1994). In testing the propriety of the summary judgment here, we will first review the law applied by the trial court, and then determine whether there were issues of fact material to a resolution of the case under the appropriate legal principles.

■ Whether the beneficiaries of a trust can terminate that trust prior to the time specified for termination in the trust document is an issue that has not previously been decided in Wyoming. The RESTATEMENT (SECOND) OF TRUSTS § 337 (1959) summarizes a general rule as to when beneficiaries can compel the early termination of a trust:

(1) Except as stated in Subsection (2), if all of the beneficiaries of a trust consent and none of them is under an incapacity, they can compel the termination of the trust.

(2) If the continuance of the trust is necessary to carry out a material purpose of the trust, the beneficiaries cannot compel its termination.

We find the principles of § 337 to be sound, and adopt them as the law of Wyoming. This rule balances between protecting and enforcing a grantor's instructions regarding a trust, and providing for distribution to beneficiaries at the earliest time after all the grantor's material purposes have been fulfilled. The law should guard and enforce a grantor's wishes and purposes, so long as they remain unfulfilled. When those purposes have been fulfilled, however, the law should provide for the most expeditious termination and distribution of the trust estate. The rule we adopt here accomplishes both purposes.

■ The record in this case does not reflect any issue of material fact, based on the rule adopted above. Grant E. Miller, Davin, Hickey, Miller, Jr., and the University of Wyoming all consented to termination of the trust. There are no other beneficiaries of the trust. There is no remaining material purpose for continuation of the trust.

The Trustee mistakenly believes there are unborn contingent beneficiaries of the trust who did not consent to its termination. The trust terms, however, make it clear there are no unborn, contingent beneficiaries. The trust provides that if Grant E. Miller dies before Davin, Hickey, and Miller, Jr., those individuals each receive a share of the trust estate, with the balance being distributed to the University of Wyoming. Because Davin, Hickey, and Miller, Jr. are each over 35 years of age, vesting would occur immediately. If Davin, Hickey or Miller, Jr. die before Grant E. Miller, neither they nor their heirs would receive any part of the trust estate. This is so because the trust provides for per capita distribution to Grant E. Miller's children when it directs:

"Upon the death of the last survivor of Vivian Miller and Grant E. Miller, the entire Trust Estate ... shall be divided into as many equal shares AS THERE ARE THEN LIVING CHILDREN OF SAID VIVIAN MILLER AND GRANT E. MILLER". (emphasis added)

No heirs of Davin, Hickey or Miller, Jr., could possibly be involved.

■ There is no remaining material purpose of the trust. A grantor's intent is to be found, if possible, within the trust instrument

itself. *First Nat'l Bank & Trust Co.*, 504 P.2d at 1369; *Kerper v. Kerper*, 780 P.2d 923, 939 (Wyo.1989). The trust instrument here identifies several purposes. Two of those purposes are for support of beneficiaries—monthly income for Grant E. Miller and educational assistance for Davin, Hickey and Miller, Jr. All of these beneficiaries have waived their support for continuation of the trust.

If Grant E. Miller were deceased, the other beneficiaries would receive their interest in the trust without regard for educational support because those beneficiaries are over the age of 35. Educational support was a material purpose of the trust only until those beneficiaries reached age 35.

The trust has no spendthrift provisions. Grant E. Miller could, and did, renounce and assign his monthly support interest to his children. Consequently, his monthly support is no longer a material purpose of the trust.

The Trustee argues Grant E. Miller's life as a measuring life for distribution to his children constitutes a material purpose of the trust. In other words, the Trustee urges the grantor's purpose was to delay her grandchildren's receipt of their interests until Grant E. Miller's death.

The trust does indicate an intent to delay the grandchildren's enjoyment of their interests. However, Grant E. Miller's life is not the measurement the grantor chose to use. The trust clearly establishes Davin, Hickey and Miller, Jr., reaching age 35 as the measurement or condition for the delay of distribution to them. Reference to Grant E. Miller's life time in the trust does not quantify a delay in distribution to Davin, Hickey and Miller, Jr., but relates only to his own support.

Because Grant E. Miller has waived and transferred his right to monthly support, and because Davin, Hickey and Miller, Jr., have reached the age of 35, there is no remaining material purpose for the trust.

### C. Cost of Supersedeas Bond

■ The district court required the Trustee to post a supersedeas bond in this matter at its own expense. Allocation of the cost of the supersedeas bond, and of the cost of prosecuting this appeal, is closely related to the issue of standing, discussed above.

We determine the Trustee in this case has standing to bring this appeal, based upon its powers and duties as a trustee, and because the issue of termination of a trust as presented in this case had not been previously decided. The trial court also recognized the Trustee as having standing. It is inconsistent to recognize a trustee has standing in its official capacity to defend a trust, but to then make the trustee personally bear the expense of defending the trust.

WYO.STAT. § 4–8–103(c)(xxv) acknowledges that a trustee has the power to maintain legal actions in defense of the trust. Such a power is meaningless if the trustee must personally bear the expense of such defense.

Appellees argue if the Trustee's expenses in this action are paid from the trust estate, the beneficiaries, in effect, are paying their own money for the supersedeas bond. Such an argument disregards the existence of the trust. It must be remembered that the grantor placed these assets in the trust, and did not distribute them directly to the beneficiaries. While the assets remain in the trust, the Trustee has an obligation to the trust and the grantor as well as to the beneficiaries.

The trial court's ruling requiring that the cost of a supersedeas bond must be paid by the Trustee is reversed.