**Don M. EMPFIELD, Appellant (Plaintiff),**

v.

**Harry L. KIMBROUGH and Robert A. Sieveke, Appellees (Defendants).**

No. 94–249.

Supreme Court of Wyoming.

Aug. 9, 1995.

Robert J. O'Neil of Legal Clinic of Robert J. O'Neil, Gillette, for appellant.

Michael N. Patchen, Gillette, for appellee Kimbrough.

Paul J. Drew of Drew & Carlson, Gillette, for appellee Sieveke.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Don Empfield appeals from the district court's order which granted a summary judgment in favor of Appellees Harry Kimbrough and Robert Sieveke and which decreed that the parties' oral lease agreement was void under the statute of frauds.

We affirm.

## Issues

Empfield presents two issues for our review:

A. The trial court erroneously decided certain issues of fact during the hearing on the defendants' motion for summary judgment based upon the statute of frauds.

1. It misread the complaint and plaintiff's affidavit; from this, it determined that the amount of damages sought by the plaintiff was half the actual amount sought and insufficient to raise the claim to the court's jurisdictional level; and

2. It determined that the plaintiff had partially performed under a verbal agreement, when the undisputed facts were that the plaintiff had fully performed.

B. The trial court erroneously determined in a summary judgment hearing that the plaintiff's case rested upon the principles of estoppel, rather than the doctrine of full performance by one of the parties to a verbal agreement.

## Facts

On March 12, 1993, the parties discussed the possibility of Kimbrough and Sieveke leasing two offices from Empfield. Four days later, the appellees orally agreed that they would lease the two offices for a period of three years at a rate of $450 for each office per month if Empfield were to complete certain remodeling by April 15, 1993. Empfield asked Kimbrough and Sieveke to give him a letter of intent with regard to the terms of the oral agreement, but the appellees never delivered such a letter.

Even though Empfield had not received a written agreement, he commenced with the requested remodeling. On April 9, 1993, Empfield sent a letter to Kimbrough and Sieveke, informing them that the remodeling was nearing completion and that the premises would be ready for them to occupy on April 15th. He completed the remodeling on time; however, neither Kimbrough nor Sieveke ever occupied those offices. On April 19th, Empfield sent another letter to the appellees, in which he informed them that he was assuming their oral agreement was not going to be honored and that he was going to advertise for renters for the offices.

On December 23, 1993, Empfield filed a complaint in the district court against Kimbrough and Sieveke, alleging that they had breached their agreement and seeking monetary damages. Sieveke and Kimbrough each filed a motion for a summary judgment, and the district court entered an order which granted their motions. The case is now before this Court for consideration.

## Discussion

Empfield contends that the district court erred when it granted a summary judgment in favor of Kimbrough and Sieveke because a genuine issue of material fact existed as to whether or not Empfield had partially performed the oral agreement. We disagree.

■ Summary judgment is appropriate when no genuine issue exists as to any material fact and when the prevailing party is entitled to have a judgment as a matter of law. *Sandstrom v. Sandstrom,* 884 P.2d 968, 971 (Wyo.1994). *See also* W.R.C.P. 56(c). We review a summary judgment from the viewpoint favorable to the party who opposed the judgment. *Smith, Keller & Associates v. Dorr & Associates,* 875 P.2d 1258, 1264 (Wyo. 1994).

Empfield argues that the district court erred when it erroneously decided certain issues of fact in the hearing on the motions for summary judgments. We have considered the record in the light most favorable to Empfield in determining whether a genuine issue as to any material fact exists which would preclude the resolution of this case as

a matter of law. The facts which Empfield claims were decided erroneously are not material to the disposition of this case; therefore, we must determine whether Kimbrough and Sieveke were entitled to have a judgment as a matter of law. *Christensen v. Oedekoven,* 888 P.2d 228, 229 (Wyo.1995).

Generally, an oral agreement to lease real estate for a period of more than one year is void under Wyoming's statute of frauds.[1] Empfield contends, however, that Kimbrough and Sieveke cannot rely on this statute to avoid their agreement because the remodeling of the offices for them constituted full performance and removed the oral agreement from the operation of the statute.

The statute of frauds is an expression of the "fixed legislative policy of the state" and is " 'absolutely necessary to preserve the title to real property from the chances, the uncertainty, and the fraud attending the admission of parol testimony.' " *Remilong v. Crolla,* 576 P.2d 461, 464 (Wyo. 1978) (quoting *Crosby v. Estate of Strahan,* 78 Wyo. 302, 313–14, 324 P.2d 492, 496 (1958)). Unless this case falls within one of the recognized exceptions to the statute of frauds, the summary judgment was properly entered as a matter of law. We restrict, rather than expand, the exceptions to the plain provisions of the statute, even when a hardship will result in a particular case. *Davis v. Davis,* 855 P.2d 342, 346 (Wyo.1993). If the mere failure to perform an oral agreement were sufficient to remove the agreement from the reach of the statute of frauds, the statute would be rendered vain and nugatory. *Id.* The agreement, if any, comes within the statute of frauds and is voidable on that basis.

When performance on one side of an oral agreement has been fully or substantially performed, the agreement is not within the statute of frauds. *Id.; Allen v. Allen,* 550 P.2d 1137, 1143 (Wyo.1976). "This common law exception to the statute of frauds is a version of equitable estoppel. It prevents a party to a contract from perpetrating a fraud or injustice on the other party when the latter has fully performed under the terms of the oral contract." *Wyoming Realty Company v. Cook,* 872 P.2d 551, 554 (Wyo.1994). *See also* RESTATEMENT (SECOND) OF CONTRACTS § 139 (1981).

In determining whether equity defeats the statute of frauds, this Court looks to several factors such as the relations of the parties to a parol agreement, the nature of the parol agreement, and the relative benefit and detriment derived by the parties. *Davis,* 855 P.2d at 346. Applying the equitable estoppel analysis to the facts of this case, we conclude that Empfield did not suffer a substantial detriment and that the appellees did not receive a benefit from the broken oral agreement. Neither Kimbrough nor Sieveke occupied the premises at any time or used the offices for business purposes. The remodeling performed by Empfield enhanced the value of his property. The record reveals that Empfield mitigated his losses by renting the offices in a timely fashion. In light of the facts, we have difficulty accepting the argument that Empfield suffered a financial injury and conclude that the doctrine of equitable estoppel will not aid Empfield under these circumstances.

### *Conclusion*

We hold that the district court did not err when it granted a summary judgment in favor of Kimbrough and Sieveke.

Affirmed.

---

1. WYO.STAT. § 1–23–105(a) (1988) provides in pertinent part:

   (a) In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith:

   (i) Every agreement that by its terms is not to be performed within one (1) year from the making thereof;

   .    .    .    .    .

   (v) Every agreement or contract for the sale of real estate, or the lease thereof, for more than one (1) year[.]