Officer Roger LAWSON, Appellant (Defendant),

v.

Charlene GARCIA, Appellee (Plaintiff).

No. 95–137.

Supreme Court of Wyoming.

March 15, 1996.

Terry L. Armitage, Cheyenne, for Appellant.

Anthony F. Ross of Ross & Ross, P.C., Cheyenne, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

We are asked to determine whether a police officer enjoyed qualified immunity under the facts of this case. The district court concluded that the police officer did not enjoy qualified immunity and, therefore, refused to grant his motion for summary judgment. We conclude that the police officer was entitled to summary judgment since his actions were not violative of clearly established law when he acted.

Reversed.

## I. ISSUE

The parties' statements of the issue are practically identical:

I. Was appellant/defendant Lawson entitled to summary judgment as a matter of law, based upon the doctrine of qualified immunity?

## II. FACTS

The following recitation of facts is based upon the undisputed facts as demonstrated by the summary judgment materials and states those facts in the light most beneficial to the nonmoving party affording that party the benefit of all favorable inferences that may be drawn from them. The non-moving party in this case is appellee, Charlene Gar-

cia (Garcia). From February 22, 1990 until February 24, 1990, Garcia was held captive by her estranged boyfriend in Cheyenne, Wyoming. On February 24, 1990, Garcia escaped and eventually contacted the Cheyenne Police Department. Officer Roger Lawson (Lawson) was dispatched to investigate Garcia's case. Garcia informed Lawson that her ex-boyfriend broke into her sister's house, where she was house-sitting, on February 22, 1990 and held Garcia against her will until February 24, 1990. Further, Garcia informed Lawson that her ex-boyfriend repeatedly raped her and physically abused her during her confinement.

The physical evidence corroborated Garcia's claims. The back door of her sister's home showed signs of forced entry; there was a broken statue that Garcia claimed her attacker threw at her, hitting her in the shoulder; there was a fist-sized hole in the wall; and Garcia had bruises on her arm and head. Lawson was made aware of this physical evidence. In spite of the overwhelming evidence, Lawson refused to have a rape kit performed on Garcia and further informed her that neither he nor the Cheyenne Police Department could do anything about the matter since it was a boyfriend/girlfriend situation and it would be her word against his. Lawson did not collect any evidence while he was at Garcia's sister's home. However, while continuing the investigation, Lawson did take the opportunity to discuss the size of a mutual acquaintance's breasts and to invite Garcia to go out for a beer with him.

Lawson ultimately sought advice concerning how the situation should be reported, but could find no one in the Cheyenne Police Department to advise him. Unable to find an experienced officer, he performed his own research and concluded that there was no basis for felony charges. Finally, Lawson wrote a citation and complaint charging Garcia's assailant with disturbance of the peace.

Lawson was suspended by the Cheyenne Police Department, and other officers within the department were placed in charge of the investigation. However, the charges filed with the district attorney's office were eventually dismissed for lack of evidence. Garcia filed a complaint on February 11, 1993, and later amended that complaint to include a cause of action pursuant to 42 U.S.C. § 1983, alleging that Lawson violated her constitutional right to equal protection under the law. Lawson filed a motion for summary judgment claiming, among other things, that he was immune from suit pursuant to the doctrine of qualified immunity. The district court refused to grant that motion, and Lawson filed this interlocutory appeal.

## III. DISCUSSION

### A. STANDARD OF REVIEW

 Lawson is entitled to summary judgment if there are no material facts in dispute and he is entitled to judgment as a matter of law. *Adkins v. Lawson,* 892 P.2d 128, 130 (Wyo.1995) (*quoting Sandstrom v. Sandstrom,* 884 P.2d 968, 971 (Wyo.1994)). When reviewing a motion for summary judgment, we place ourselves in the same position as the district court and employ the same materials used by that court. *Id.* We review those materials in the light most favorable to the non-moving party and give that party the benefit of all favorable inferences that may be drawn from those materials. *Id.*

 Whether a public official is entitled to qualified immunity is a question of law. *Furnace v. Oklahoma Corp. Com'n,* 51 F.3d 932, 935 (10th Cir.1995). As such, the issue is reviewed *de novo. Id.* Normally, the denial of a motion for summary judgment is not an appealable final order. *Equality Bank of Evansville, Wyo. v. Suomi,* 836 P.2d 325, 330 (Wyo.1992). However, denial of a motion for summary judgment on the basis of qualified immunity is an appealable final order. *Lucero v. Mathews,* 901 P.2d 1115, 1118 (Wyo.1995).

 Qualified immunity is, of course, an affirmative defense; but once it is raised, the plaintiff has the burden of proving that the federal rights allegedly impaired by the defendant were clearly established at the time the alleged conduct occurred. *Rodgers v. Horsley,* 39 F.3d 308, 310 (11th Cir.1994). To prove that a right was clearly established, the plaintiff must demonstrate that in light of pre-existing law, the unlawfulness of the al-

leged violation would have been apparent to a reasonable official. *Trigalet v. Young,* 54 F.3d 645, 647–48 (10th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 340, 133 L.Ed.2d 238 (1995) (*quoting Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)). "For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." *Lassiter v. Alabama A & M University, Bd. of Trustees,* 28 F.3d 1146, 1149 (11th Cir.1994). Qualified immunity will be stripped only if pre-existing law would compel a reasonable official, in the defendant's position, to conclude that what the defendant was doing was unlawful under the circumstances. *Id.* at 1150.

### B. EQUAL PROTECTION CLAIM

▇ The determinative issue in this case is whether, in February of 1990, the state of the law was such that a reasonable police officer in Lawson's position would have been compelled to conclude that Lawson's cursory investigation was unlawful. In other words, we must determine whether, in February of 1990, it was unlawful for a police officer to conduct a perfunctory investigation into an alleged first-degree sexual assault committed by the victim's ex-boyfriend.

▇ Police refusal to provide equal access to police protection was, of course, unlawful in February of 1990. *See Watson v. City of Kansas City, Kan.,* 857 F.2d 690, 694 (10th Cir.1988) (holding that police may not discriminate in the provision of police protection). However, we can find no law, much less any pre-February 1990 law, standing for the proposition that a citizen is entitled to have a police officer perform a "quality investigation" or to have a police officer investigate a domestic assault as aggressively as he or she might investigate any other type of assault. The law clearly prohibits police from discriminatorily refusing to provide the same level of police protection to victims of domestic violence as is provided to victims of other assaults. *Id.* However, we are not at

liberty to expand that rule to include a right to a "quality investigation" of domestic assaults. The doctrine of qualified immunity almost always protects the defendant in the absence of a bright line rule staked out by prior case law. *Lassiter,* 28 F.3d at 1150. Garcia has failed to demonstrate that there was a bright line rule in effect in February of 1990 that rendered the perfunctory investigation performed by Lawson constitutionally defective. Therefore, the 42 U.S.C. § 1983 claim must fail.

### IV. CONCLUSION

Since Garcia failed to demonstrate that Lawson violated a clearly established federal right, Lawson is entitled to invoke the defense of qualified immunity. Therefore, Lawson's motion for summary judgment must be granted. The district court's decision to deny Lawson's motion for summary judgment is reversed.

LEHMAN, Justice, files a dissenting opinion.

LEHMAN, Justice, dissenting.

I dissent.

The majority opinion is correct when it states: "The law clearly prohibits police from discriminatorily refusing to provide the same level of police protection to victims of domestic violence as is provided to victims of other assaults." Where I part company with the majority is with the reasoning which follows: "However, we are not at liberty to expand that rule to include a right to a 'quality investigation' of domestic assaults."

If an officer does not conduct the same level of investigation of a reported assault by a victim of domestic violence as they would with a victim of other assaults, they may be discriminatorily refusing to provide the same level of police protection. An investigation is not an expansion of police protection, it is only a part of it.

The district court was correct in its result that factual issues exist regarding Garcia's claim that she was not provided the same

level of police protection. Therefore, I respectfully dissent.